IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DALE F. YOUNG, et al.,

                Plaintiffs,

v.                                            CIVIL ACTION NO.   5:12-cv-01463

GE CAPITAL RETAIL BANK, et al.,

                Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

The Court has reviewed *Plaintiffs' Motion to Remand* (Document 13). After careful consideration of the motion, supporting memoranda and all written submissions relative thereto, the Court grants in part Plaintiffs' motion to remand, for the reasons that follow.

*I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY*

On March 22, 2012, Plaintiffs Dale F. Young and Corena F. Young filed this action in the Circuit Court of Raleigh County, West Virginia, against Defendants GE Capital Retail Bank ("GE"), ATM Holdings Inc. ("ATM"), Guardian Mortgage Corp., ("Guardian"), and Wells Fargo Home Mortgage, Inc., doing business as America's Servicing Company ("Wells Fargo"). (Notice of Removal, Ex. A, Complaint ("Compl.") (Document 1-1) ¶¶ 4-7).   All Defendants are corporations with their principal places of business outside of West Virginia. (Compl. ¶¶ 4-7). Plaintiffs Dale and Corena Young, husband and wife, are West Virginia residents with a home in Rupert, West Virginia.   (Compl. ¶3(a)).

Plaintiffs allege that "Defendant [GE] induced [them] to enter a home mortgage with an adjustable interest rate, despite that [they] are on a fixed [social security] income." (Compl. ¶ 1). In support of this allegation, Plaintiffs allege that Defendant GE solicited them to refinance their home loan in December 2005; "Defendants provided [them] three sets of preliminary disclosures, each dated December 31, 2005, each containing different information[]"; "Defendants arranged for the [loan] closing to take place at [their] home on February 2, 2006, by calling [them] at approximately 8:30 or 9:00 p.m. and informing them that the closing agent would arrive later that same night[]"; and "Defendants" arranged for Donna E. Daniels, a notary not licensed to practice law, to bring the loan documents to their home to be executed. (Compl. ¶¶ 13, 15(a)-(c)). Plaintiffs also allege that Ms. Daniels was the only person attending the closing, that they did not have a meaningful opportunity to understand the terms and import of the transaction and that "the closing documents were prepared by Defendant Guardian Mortgage Corporation, not licensed to practice law in West Virginia." (Compl. ¶¶ 14, 15(d)(e)). Plaintiffs charge that Defendant GE originated the thirty-year loan for $50,000, with an interest rate that starts at 7.850% and adjusts up to 14.35%. (Compl. ¶ 17(a)). This loan also includes a prepayment penalty. (Compl. ¶ 17(b)). Plaintiffs further allege that "[o]n December 1, 2011, [they] sent a letter to [Wells Fargo] requesting an account record and [to] notify[] [the] Servicer that they were represented by counsel and [that] . . . all future communication [is to be directed] to counsel." (Compl. ¶ 18). Despite Wells Fargo's receipt of the letter on December 5, 2011, Plaintiffs never received the requested documents. (Compl. ¶ 20).

In their Complaint, Plaintiffs assert six claims for relief: unconscionable inducement (count one); fraud (count two); unauthorized practice of law by closer and document preparer

2

(counts three and four); joint venture (count five); and failure to provide statement of account (count six). Relevant to the instant dispute, Plaintiffs seek "a declaration that their loan was induced by unconscionable conduct and/or unconscionable terms"; "actual damages equivalent to the amount paid plus amount claimed due under the loan"; appropriate equitable relief; and such other relief as the Court may deem equitable and just." (Compl. at 5-9). The Complaint also provides that "[t]he amount in controversy does not exceed $74,999.99 and Plaintiffs expressly waive any recovery above this amount." (Compl. ¶ 2.) Additionally, a notarized stipulation signed by both parties and their counsel and filed together with the Complaint includes a statement that Plaintiffs alleged damages are no greater than $74,999.99. (Notice of Removal, Ex. A, Stipulation (Document 1-1) at 18.)

Notwithstanding the stipulation, on May 9, 2012, Defendant GE removed this action to this Court pursuant to 28 U.S.C. § 1441 by asserting that jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) and § 1367(a) based on complete diversity of citizenship with an amount in controversy that exceeds $75,000. (Notice of Removal ("Notice") (Document 1) at 1.) The removing defendants assert that Plaintiffs' stipulation is "insufficient to limit their damages for federal jurisdiction purposes" given their requested relief of the Court to declare the loan unenforceable. (Notice at 3-4). The record reveals that Defendants Wells Fargo and ATM consented to the removal within thirty days of service on each defendant as required by 28 U.S.C. § 1446(b). (Notice at 5.) In the Notice, GE asserts that Plaintiff has attempted, but not yet served Defendant Guardian. (Notice at 2, 5.) Consequently, GE asserts, without objection, that Guardian is not required to consent or join in GE's Notice of Removal. (*Id.*) Plaintiffs timely filed their motion to remand on May 25, 2012, pursuant to 28 U.S.C. § 1447(c), asserting that this

3

Court lacks original jurisdiction because their "valid and binding stipulation . . . appropriately limits all relief." (Memorandum of Law in Support of Plaintiffs' Motion to Remand ("Pls.' Mem.") (Document 14) at 1.) The motion has been briefed and is ripe for consideration.

## II. APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.[2] Section 1446 requires that, "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Additionally, a defendant is required to file a notice of removal within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Moreover, in the newly amended statute, Congress has required that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been

---

1 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

2 The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, § 1, 125 Stat. 758 (2011) (the "2011 Act") amended several provisions of Title 28, including § 1446.

4

properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

With respect to diversity of citizenship, generally, every defendant must be a citizen of a state different from every plaintiff for complete jurisdiction to exist. Section 1446 provides guidance in a district court's consideration of the requisite amount in controversy for removals based on diversity jurisdiction. Specifically, Section 1446 instructs that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> > (i) nonmonetary relief; or
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

It is the long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal

jurisdiction is placed upon the party seeking removal.") (citation omitted).  Accordingly, in this case, the removing defendants have the burden of proving the existence of diversity jurisdiction by a preponderance of the evidence.  *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001)).  In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

### *III.  DISCUSSION*

There exists no dispute with respect to the timeliness of GE's removal, the nature of the consent provided by the properly joined and served defendants and the diversity of citizenship among the parties.  Moreover, the initial pleading does not contain a sum certain in demand and it includes request for nonmonetary relief.  Thus, GE need only establish that the jurisdictional amount of over $75,000 is satisfied by a preponderance of the evidence.

In its Notice of Removal, GE argues that the requisite jurisdictional amount can be met because Plaintiffs have sought relief that includes a declaration that the home loan is unenforceable.  (Notice at 4.)  GE asserts that since the principal amount of the loan is $50,000 and the total amount of payments to be made over the life of the loan is $148,172.40, a declaration that the loan is unenforceable would "deprive [GE] and its successors of property rights worth more than $75,000." (*Id.*)  Additionally, GE argues that Plaintiffs seek statutory, actual and punitive damages and attorney's fees.  (*Id.*)  Given the relief sought, GE concludes that "the value of the relief sought by Plaintiffs actually exceeds $75,000."  (*Id.*)

6

Plaintiffs move to remand this civil action to state court on two grounds. First, Plaintiffs contend that "[t]heir stipulation, filed together with the Complaint, states that all of their alleged damages, 'including but not limited to equitable relief, declaratory relief, punitive damages, actual damages, and attorney's fees and costs set forth in the Complaint are no greater than $74,999.99.'" (Document 14 at 6) (quoting Stipulation (Document 1-1) at 18.) Plaintiffs further contend that their stipulation indicates that they have waived receipt of an award in excess of $74,999.99. Plaintiffs argue that GE's assertion that the total amount of payments which may be made over the life of the loan is speculative and fails to establish that Plaintiffs' stipulation does not adequately address the value of any declaratory relief. (Pls.' Mem. at 7.) Plaintiffs assert that the prayers for relief in their Complaint must be read in conjunction with their stipulation which expressly limits relief to an amount below the jurisdictional threshold. Plaintiffs argue that this express limit of relief includes any award the Court may enter with respect to declaratory, injunctive, equitable or other relief. (*Id*.). Plaintiffs also argue that the impact of their stipulation in connection with their requested relief "may be for the Court to issue such a declaration and, as the equitable relief sought, reform the contract and eliminate the adjustable interest rate." (*Id*.)

Secondly, Plaintiffs contend that, even if their stipulation is viewed as ineffective, GE has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Document 14 at 8-10). In support of this contention, Plaintiffs argue that GE's use of $148,172.40, or the amount that will have been paid after all scheduled payments are made, fails to consider the amounts Plaintiffs paid toward the loan after it was originated in February 2006, the present value of the loan, or that their "current payoff would not include those future interest payments included in the total payment figure." (Pls.' Mem. at 9.) Plaintiffs argue that "the

7

current value of the object of the litigation – the loan – cannot be the sum of past and expected future payments." (*Id*.)

In its opposition to the motion, GE maintains its argument that Plaintiffs' stipulation is invalid because they "cannot obtain their expressly sought-after recovery for less than $75,000." (GE Capital Retail Bank's Response in Opposition to Plaintiffs' Motion to Remand ("Def.'s Opp'n") (Document 20) at 1.) Defendant asserts that Plaintiffs, through their requested relief on Count One (unconscionable inducement), "have put the entire value of the [home] loan in controversy." (*Id*. at 2-3) (citing Plaintiffs' Compl. ¶ 26(e) (wherein Plaintiffs seek "[a]ctual damages equivalent to the amount paid plus amount claimed due under the loan[.]")). GE argues that as of the filing of the Complaint, Plaintiffs have paid $25,678.57 toward their loan, leaving a balance of $122,493.83. (*Id*. at 3.) (citing to Def.'s Opp'n Ex. A, Customer Account Activity Statement (Document 20-1)). According to GE, when a plaintiff seeks to declare a contract unenforceable, the amount in controversy is the value of the contract to either party, and in this case, Plaintiffs' pre-removal stipulation cannot be reconciled with the request for equitable relief. (*Id*. at 6). In support of its contention, Defendant relies primarily on *Womack v. Wells Fargo Bank, N.A.*, Civil Action No.1:11-cv-104, 2011 U.S. Dist. LEXIS 152639 (N.D. W. Va. Aug. 24, 2011).[3] Additionally, Defendant characterizes as speculative Plaintiffs' argument that the entire

---

3   In *Womack*, the district court denied a motion to remand in a predatory lending case where it was alleged that the defendant lender did not disclose that it financed two mortgage loans, one with an adjustable rate mortgage and the other one with a higher than represented interest rate. The plaintiffs asserted several claims for relief, including one for unconscionable inducement, by which they sought a declaration that the loans were "void and unenforceable." In an attempt to avoid federal jurisdiction, the plaintiffs filed a stipulation with their complaint that "all of their alleged damages" were no greater than $75,000. After removal and upon consideration of a motion to remand, the district court found that the total of payments that the plaintiffs would make to the lender over the course of the mortgage loan was the total value of the loan and in excess of $75,000. The district court also found that the pre-removal stipulation could not be interpreted to include the plaintiffs' request for declaratory relief (a finding that the loan contracts were null and void) given that the total value of one of the two loans was over $140,000. The court stated that "[t]o interpret the plaintiffs' contemporaneously filed Stipulation as rendering its request for over $140,000.00 in declaratory relief

8

value of the loan should not be considered, because of the possibility that they could prepay the loan.  (*Id*. 4-5.)   Finally, GE contends that it has demonstrated by a preponderance of the evidence the amount in controversy exceeds $75,000.   (*Id*. at 2-4).

In their Reply, Plaintiffs maintain that their stipulation is broad enough to cover the requested relief in their complaint.  Plaintiffs continue to argue that Defendants' assertion of a "total value" of the loan is speculative as to interest payments because they could refinance the loan, sell their property to pay off the loan or let the home "go to foreclosure" during the course of the life of the loan.   Plaintiffs also argue that in contrast to the stipulation considered in *Womack* which failed to account for their request for declaratory relief, this stipulation specifically waives any "declaratory and equitable relief" that exceeds $74,999.  (Reply in Support of Plaintiffs' Motion to Remand (Document 21) at 5.)

The Court has considered the arguments asserted by the parties and finds that GE has set forth an arguable claim for the determination of the true value of this case.   However, the Court need not make a determination between the parties' differing theories about whether the value of the case should include the present value of the loan or the total value of the loan, inclusive of interest payments. That issue lives on for another day because the Court finds that the pre-removal stipulation proffered by Plaintiffs with their complaint is sufficient to avoid this Court's jurisdiction.   Plaintiff's stipulation states that:

> 1.    Plaintiffs stipulate that all of their alleged damages and all other relief including but not limited to equitable relief, declaratory relief, punitive damages, actual damages, and attorneys [sic] fees and costs set forth in the Complaint are no greater than $74,999.99.

---

mere surplusage would carry logical reasoning beyond the outermost boundaries."   *Womack*, 2011 U.S. Dist. LEXIS 152639, *9-10.

9

> 2. To the extent any remedy awarded by the Court and/or jury, inclusive of attorney fees, declaratory relief, and equitable relief, would be in excess of a combined $74,999.99, Plaintiffs stipulate that they will not be entitled to recover said excess.

(Stipulation (Document 1-1) at 18.) When properly presented by a plaintiff, stipulations may be used, in part, to limit the amount in controversy for the purpose of defeating jurisdiction in this Court. A stipulation that seeks to limit the amount in controversy must be "a formal, truly binding, pre-removal stipulation signed by counsel and [his/her] client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001). Further, "the stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." *Id.* This Court previously adopted the stipulation requirements in *McCoy* and indicated that the formality requirement is satisfied when a stipulation is signed and notarized. *Settle v. One West Bank*, FSB, 2011 WL 3055263, *2 (S.D. W. Va. Jul 25, 2011).

Plaintiffs' stipulation is proper. It is signed by both Plaintiffs and their counsel, notarized, and was filed contemporaneously with the Complaint. (Document 13 at 5-7). Further, in marked contrast to the stipulation in *Womack*, these Plaintiffs expressly limit *all* of their alleged damages, "including, but not limited to equitable relief, declaratory relief, punitive damages, actual damages, and attorney's fees and costs set forth in the Complaint are no greater than $74,999.99." (Document 1-1 at 18.) The stipulation further states the Plaintiffs are not entitled to recover any award in excess of $74,999.99. (*Id.*) Therefore, the Court finds that Plaintiff's unilateral, pre-removal stipulation has the effect of rendering the amount in controversy below the jurisdictional minimum, compelling remand. Even if the amount in controversy can be determined to be over the jurisdictional amount necessary for removal, the explicit language of Plaintiffs' stipulation limits their recovery.

Given the specific language of the stipulation, and having given consideration to the record, as a whole, the Court finds that Plaintiffs have executed, and agreed to be bound by, a proper stipulation that limits their recovery from any and all awards of damages in this litigation to an amount not to exceed $74,999.99.  Consequently, the Court finds that Defendant has failed to satisfy its burden that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Finally, the Court finds an award of attorney fees to Plaintiffs in this matter is not legally appropriate inasmuch as GE's attempt to remove this case appears to have been objectively reasonable.

## IV.    CONCLUSION

Therefore, based on the findings stated herein, the Court does hereby **ORDER** that *Plaintiffs' Motion to Remand* (Document 13) be **GRANTED IN PART**.  Inasmuch as Plaintiffs seek attorneys' fees and costs for moving for this relief, the Court **ORDERS** that the request be **DENIED**.

Further, the Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Remand Order to all counsel of record and any unrepresented party, and a certified copy to the Clerk of the Circuit Court of Raleigh County, West Virginia.

ENTER:    January 25, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA